UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES WINEMILLER, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-01825-JMS-TAB |
| MARK SEVIER[1], | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of James Winemiller for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-03-0049. For the reasons explained in this Entry, Mr. Winemiller's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] The petitioner's custodian is **substituted** as the proper respondent.

### B. The Disciplinary Proceeding

On March 8, 2017, Investigator W. C. Peterson wrote a conduct report charging Winemiller with (A-111/113) attempting to traffic with someone outside of the facility. The conduct report states:

> On March 8, 2017 at approximately 12:00 P.M. I – Mr. W.C. Peterson Correctional police officer listened to a phone call Offender Winemiller, James 200037 made to a person he identified as his grandmother. During the phone call Offender Winemiller asked his grandmother to get Money Grams in the amount of one thousand dollars and send them to a person identified as Thomas L. Morgan in Shelbyville.
>
> Offender Winemiller also asked his Grandmother to purchase three Paypal cards in the amount of one hundred dollars each and four Paypal cards in the amount of fifty dollars each. Winemiller directed his grandmother to have the numbers of the Money Grams ready to give to him when he – (Winemiller) called her back later in the day. The above referenced call was placed by Offender Winemiller on March 3, 2017 at approximately 9:02 A.M.

On March 16, 2017, Winemiller was notified of the charge (A-111/113) attempting to traffic. During his screening, Winemiller pleaded not guilty. He requested a lay advocate, and an advocate was later appointed. He did not waive his right to 24 hours' advance notice of the disciplinary hearing. Winemiller requested a statement from Peterson, but that request was denied as repetitive because Peterson was the author of the conduct report. Winemiller also requested a written summary of the phone call, but that request was denied as unnecessary because the call was sufficiently described in the conduct report. The screening report noted a mental health code of D, and the DHO reviewed a confidential email regarding Winemiller's mental health status in relation to his actions in this case.

On March 22, 2017, a disciplinary hearing was held in case ISR 17-03-0049. Winemiller pleaded not guilty and provided the following statement: "I believe this is one case it should be dropped down to a 220. I did call 4 times however I did get something on the last phone call only received anything." The DHO found Winemiller guilty of (A-111/113) attempting to traffic.

On March 23, 2017, Winemiller filed a first-level appeal to the head of the facility, which was denied on April 24, 2017. On April 24, 2017, Winemiller filed a second-level appeal. His second-level appeal was denied on May 10, 2017. However, on August 18, 2017, the final reviewing authority reconsidered Winemiller's second-level appeal. As a result, Winemiller's disciplinary conviction was reduced to a B-220/240 attempting to engage in an unauthorized financial transaction, and his sanctions were similarly reduced.

**C.     Analysis**

Winemiller challenges the disciplinary action against him arguing that the evidence is insufficient to support the conviction and that he was improperly charged multiple times for one incident.

1. <u>Sufficiency of the Evidence</u>

Winemiller first argues that the evidence is insufficient. He states that he never succeeded in trafficking because no exchange was ever made and that he never attempted to traffic. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Winemiller was originally convicted of committing the offense A-111/113 attempting to traffic with someone outside the facility. Winemiller argued that the facts would only support a charge of B-220/240 attempting to engage in an unauthorized financial transaction. On August 18, 2017, the final reviewing authority reconsidered his second-level appeal and changed his disciplinary conviction to B-220/240 attempting to engage in an unauthorized financial transaction, which is a lesser included offense. Offense B-220, unauthorized financial transaction, is defined as: "Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Conspiracy/Attempting/Aiding or Abetting, is defined as: "Attempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense."

After his appeals, Winemiller was ultimately charged with attempting to engage in an unauthorized financial transaction. The Conduct Report states that Winemiller tried to convince his grandmother to obtain Money Grams and PayPal cards on his behalf and then give him the Money Gram number. There is no evidence, and Winemiller does not argue, that he had authorization to make such a transaction. The evidence is therefore sufficient to support the conviction. *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999) (Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision.").

### 2. One Incident

Winemiller also argues that he should not have been charged with multiple attempts to engage in unauthorized financial transaction because it "was based off of one incident that occurred the same day…." At his disciplinary hearing, Winemiller said, "I did call 4 times

however I did [not] get something [until] the last phone call []." Winemiller made several calls to his grandmother attempting to convince her to send money to a man in Shelbyville on his behalf. There is evidence in the record that Winemiller was convicted of attempted trafficking based on a different phone call he made to his grandmother on the same day, at 10:28 a.m. asking her to send money to the same man in this case. But here, Winemiller made the call to his grandmother at 9:02 a.m. on March 3, 2017, an hour and half earlier than the phone call at issue in disciplinary case. There was no due process violation in charging Winemiller with multiple counts of attempting to traffic when he did, in fact, attempt to traffic in separate phone calls.

D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Winemiller to the relief he seeks. Accordingly, Mr. Owens's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES WINEMILLER
200037
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov